Again, Judge Pryor and I would like to say how delighted we are to have Ronald Gilmore of the Sixth Circuit sitting with us. He's an old friend and he's helped us out on many occasions. We'll give the first case, Lacey v. United States, Mr. Montiel. Thank you, Judge Joe Flatton. May it please the Court. My name is Mark Montiel. I was appointed by this Court to do a supplemental brief on behalf of Mr. Lacey on the issue of whether or not the filing of a no appeal, in which he later alleged facts in the 2255 petition that were different from that, entitled him to an evidentiary hearing in the District Court, which did not occur. The government in its briefs, Your Honor— He understood he was waiving his right to appeal, right? He did, Your Honor. In the plea colloquy, it was discussed and immediately after the sentencing hearing, there was a notice of no appeal that was signed by the appellant. However, in his 2255 petition, he alleged certain facts that the government concedes that he had alleged enough facts that, if true, entitled him to relief. And that's where we come before this Court. The District Court was bound by the facts alleged that were not— Mr. Montiel. Yes, sir. Suppose an appeal had been filed. What would have happened? If the appeal— He would have raised a guideline issue. He had preserved certain issues from—on appeal, Your Honor, in effective assistance of counsel. They would have been guideline issues, would they not? Yes, sir. He would have been bound by his plea agreement, but there were issues that he had still preserved for this Court to review, including issues involving his sentence. Well, my understanding from the 2255 is that he's not contesting that he got a sentence in excess of the statutory maximum, and he's not contesting that he got an upward departure that would allow him to appeal. So just a guideline issue, and wouldn't—we have dismissed the appeal on the ground of the appeal waiver. He would have been before you in that forum, and you would have—if the government had filed a motion— Well, I think, Your Honor, under the existing case law, the—he was entitled to be before this forum, even if an Anders' brief was filed by his appellate counsel. His trial counsel stepped out of the case, so this Court would have made sure he had a lawyer on appeal, and that lawyer would have consulted with him on what issues to be raised, maybe issues involving— But the claim is an ineffective assistance claim, right? Yes, sir. So you have to—you have to allege both deficient performance and prejudice, and Judge Choflat's point is that how can there be any showing of prejudice when the only issues he would have raised would have been guideline issues he received within guideline-range sentence, and he waived his right to appeal that kind of sentence. He indicated in the record, in the collateral, in the 2255 petition, certain facts that would have entitled him to relief, what his lawyer had advised him on sentencing, for example, and ultimately— All of which contradicted by the record in the plea colloquy. Which then, there should have been an evidentiary hearing by the district court. A lot of this, before you today, would be easier to resolve had there been an evidentiary hearing, and the record does not even show that the district court considered document 258, page two and three, where Mr. Lacey, pro se, alleged that he believed he was signing an appeal document, to appeal, an affirmative document to file an appeal. When the magistrate made its report and recommendation to the district court, there was no reference to that document at all. Is the chief thing he's unhappy about the fact that he thought he should be given credit for time served in the county jail? Is that one of the key issues he would have raised on appeal? He raised certain sentencing issues, pro se, Judge, that being one of them, but we're here asking the court to reverse and remand it back for an evidentiary hearing to determine whether or not he did direct his lawyer to appeal. Let's assume, for sake of discussion, that he told the lawyer to file a notice of appeal, so that the lawyer from under Strickland was guilty of malpractice, as it were, and not filing the motion. So now we look at prejudice, and it's just a guideline issue within the guidelines, and he waived all those, and that's what the district judge would probably find, had he had an evidentiary hearing, that the court of appeals would have dismissed the appeal. So there's no prejudice. But he was still robbed of his autonomous right to have an appeal, Your Honor. And that's the issue. Not robbed of anything that he waived, knowing that he waived voluntarily. It's not a robbery when you waive it. Well, robbery's probably the wrong social order to use prior, you're correct, but he, it is a... There's no argument here that the appeal waiver is invalid. We do not make that argument, Judge, that the appeal waiver that was made... That was never set aside in the plea agreement. That's correct. And again, the record was developed by the time this court appointed me to do the supplemental brief, obviously. But he is a pro se plaintiff, a defendant. He was trying to, best he could, allege certain facts, and he did. The government conceded in their brief, to quote them from page six. The government does not concede, though, that he, that the district court was bound to accept that as true, right? They said if it were true, it would entitle him to relief, but it's affirmatively contradicted by the record. Isn't that their position? They said if true, they were sufficient. If true, but they also said it was affirmatively contradicted by the record, right? Yes, sir. And the only way to resolve that was by the evidentiary hearing. Now, the district court can say this is affirmatively contradicted by the record. I've got a plea colloquy here where he affirmatively waived his right to appeal, and then afterwards filed a notice of no appeal that he signed, right? And Judge Pryor, there was more conflict than that, because his own petitions as amended referenced and indicated that he believed it was an appeal document. So you had conflicts between the no appeal document, the colloquy in the record, his 2255 petition, and the government did not offer anything to rebut any of that at the district court level. There was no affidavit. Well, I think their point is they didn't have to. I mean, isn't that their point? Well, we disagree with that, obviously. We stand on what was alleged by my client, Mr. Lacey, and they did not offer any testimony from Mr. Harold, the trial counsel, to rebut it. The hearing would have cured it. The hearing would have been the way to resolve it. This being a case of first impression, the policy reasons why this court should remand it for an evidentiary hearing. Why don't we just ignore the no notice of appeal filing altogether? Say it again, Your Honor. We'll ignore it. We'll ignore this document that was filed, this no notice of appeal, or notice of no appeal. We'll just ignore it and assume, for sake of discussion, that the lawyer should have filed a regular notice of appeal. And then what happens to the notice of appeal when it gets to our court and the government says he waived the right to appeal, and there's no argument that the waiver of the right to appeal was involuntary or otherwise invalid, we would have dismissed the appeal, right? So where's the prejudice under Strickland? That's your problem. It's still a vital stage in the proceedings to have a review by this court, and as necessary as it is, it happens all the time. When a successive lawyer is appointed, you review it. You may determine there are no issues for the appeal, and you file. That's why we have the Enders case in the precedent there, and then this court makes the determination, not the magistrate and the district court. But again, this is a vital stage in the proceedings that belonged to him, not to his trial counsel. Not to me, but it belonged to him to have an appeal filed on his behalf if he directed, as he said, his lawyer to file one. If there are no further questions. You say some rebuttal time. Thank you, Your Honor. Mr. Budner. May it please the court, counsel. Your Honor, it's exactly right. There would be no prejudice here, because if he had had an appeal, if his attorney had made his knowing and voluntary plea waiver in the plea agreement, which went through on the plea colloquy. That's the easiest way to resolve the case. Yes, Your Honor. However, we don't even think that he was entitled to an evidentiary hearing. This court obviously has said, in general, it's better to have these evidentiary hearings, and in most cases, there has been remand for an evidentiary hearing. However, the court has also talked about there are exceptions, and in fact, two cases recently talked about the considerable discretion to decline a 2255 hearing, and particularly when it's patently frivolous, based on unsupported generalizations, and affirmatively contradicted in the record. And clearly here, we have affirmatively contradicted in the record based on the plea colloquy, based on the filing of the notice of non-appeal. And also, you have the issue of the report and recommendation came out, and granted he is a pro se defendant, but there was no objection to the report and recommendation either. So you've got the district court, knew that there was a plea colloquy, had the language in the plea agreement, no objections to the report and recommendation. This was not an abuse of discretion by Judge DuBose to not hold an evidentiary hearing. I guess my one bit of confusion is, I recognize that the government's position is that his argument is affirmatively contradicted by the record. I am perplexed about why the government say that if true, his allegations would entitle him to relief. That's got to be wrong, doesn't it? And it's at odds with what you said at the opening of this, I think probably thanks to Judge Choflat's suggestion, which is that if the appeal had been filed, we would have had to dismiss it because it had been waived, right? It wouldn't entitle, these allegations wouldn't entitle him to relief, would they? Correct. That is what was put in the United States brief by previous AUSA. You filed it, so my position here. Your position is previous AUSA was wrong. I would not concede that point. I would go the same way, Your Honor, that there is no prejudice here because it would be dismissed even if there was. Have they quarreled with the idea that there's no prejudice? I don't, Your Honor. Well, is there anything left? There's nothing further. Well, what do you do? I'm just curious. You know, this Supreme Court case of Roe v. Flores-Otega from 2000 says when counsel fails to file a notice of appeal, no specific showing of prejudice is required because the adversary process itself is presumptively unreliable. How do you distinguish that? Well, we have, there's Flores and then there's the case somewhat similar to that in the Diaz case here in the Eleventh Circuit. In those instances, you specifically had that it was a fact found by the court that this person, the defendant, did in fact ask their attorney for an appeal. Here we don't even have that as being a finding of fact. That was an allegation made one time amongst six different briefs that Mr. Lacey filed on his 2255. So, I don't even think we can necessarily get to the point of he definitely asked for an appeal. Well, but that's what an evidentiary hearing would have determined. I mean, the district court could have made a credibility determination. Maybe he wouldn't believe the defendant had asked for it or he may have found that he did. Potentially so. We just don't think that in this instance under these facts that it even rises to the level where the district court was required to have an evidentiary hearing. And that's because your theory is there's no prejudice because he doesn't dispute the plea waiver. No. The reason we don't think that she was required, Judge DuBose was required to have the evidentiary hearing in here is what this court's talked about in Winthrop-Redden, that the district court has considerable discretion not to have one when they find it's either patently frivolous and we're not saying that the allegation here is patently frivolous because if true, that's not necessarily frivolous but for the prejudice issue. We just assume that the allegation they told him to take an appeal is true. Well, if... If they make that assumption, that this little document that they found is irrelevant, then we, the district court would move the question of prejudice. Yes. That would be the other issue. And then, so that is the second part of it, is yeah, there would not be prejudice if the court did not... Mr. Lacey doesn't explain any prejudice, so... No, he doesn't. In terms of whether we would entertain the appeal, I'll put it that way. Correct. And he did have plenty of time, or he did litigate his 2255 claim with regard to the six-point enhancement and that was all the way through. Judge Gilman, you brought up that really his quarrel here was whether or not he got time served in the county jail when he was already sentenced in federal court on a previous fraud conviction. Right, but he didn't... Well, one of the claims that was raised in the 2255, the district court didn't have jurisdiction at all. The district court doesn't have jurisdiction in the 2255 of a matter that is not challenged the constitutional action of the district court. Correct. They had jurisdiction of the ineffective assistance claim. Yes, Your Honor. There was another claim that was not based on the Constitution at all, so the district court had no jurisdiction to entertain that. Do we agree? Yes. They looked at it from the whether or not it was ineffective for the council not to object to the six-point enhancement. Okay. If there's no further, we'll see the rest of the time, Your Honors. Mr. Montiel. As Judge Gilman pointed out, the prejudice is presumed by the failure to file the appeal if counsel was so directed. We do ask the court to take judicial notice about the trial counsel. It's not reflected in the record, but the particular trial counsel's status as a member of the body. We'll assume trial counsel should have filed the notice of appeal. I would ask the court to even ... You wouldn't have to have a hearing for that because there's no prejudice. If he directed him to file the appeal, the prejudice is by not filing the appeal according to your precedent or your previous cases in the Supreme Court's opinion in Flores Ortega. That's the record before you. There is testimony, allegations in the record that he directed the appeal to be filed, and it was never filed. Right, but I think what Judge Schoflat's point seems to be is that, okay, we'll assume you're right that he did direct his counsel to do it, and he didn't do it. But even if he had done it, would it ultimately do your client any good? Well, it would because his constitutional rights would be protected to come before an appellate court, and it's an important right. This court dismisses appeals all the time if necessary because they either have not alleged an issue that the court can reach or because counsel, substitute counsel, after consultation filed an Anders brief. How could the result be any different, I guess, is the question. Let's assume he had the right to be up here, and we're now considering, well, we've got his plea waiver, and he did receive a sentence less than the maximum range ... I mean, lower than the ... even lower end of the range of the guidelines. Well, if it is ... he has alleged that he told his lawyer to file an appeal, and the lawyer slipped a no appeal in front of him, I think that would give the court enough to reverse the case. Again, that's what the evidentiary hearing would be able to determine. Of course, earlier that day, that same day, his lawyer files the notice of no appeal that he signed, a notice of no appeal that says, I've consulted with my lawyer, I understand, I'm not pursuing an appeal. Earlier that day, he had told the district court, I understand, I'm waiving my right to appeal. District court says, if you're not going to file an appeal, you need to file a notice of non-appeal. District court does that because this particular defendant had, on a previous occasion, filed an appeal after pleading guilty, right? That's what happens in the court, and then later in the day, he files a signed notice of no appeal, right? But there's still a contradiction in the record that requires an evidentiary hearing, and that's the relief we seek from this court. All right. I think we understand. I think we have your case. We'll move to the next case. Thank you for being here.